1  **GLUCK LAW FIRM P.C.**
   Jeffrey S. Gluck (SBN 304555)
2   Jeff@GluckIP.com
   123 N. Kings Road #6
3  Los Angeles, California 90048
   Telephone: 310.776.7413
4
   **ERIKSON LAW GROUP**
5  David Alden Erikson (SBN 189838)
     david@daviderikson.com
6  S. Ryan Patterson (SBN 279474)
     ryan@daviderikson.com
7  200 North Larchmont Boulevard
   Los Angeles, California 90004
8  Telephone: 323.465.3100
   Facsimile: 323.465.3177
9
   Attorneys for Plaintiff JADE BERREAU
10

11            UNITED STATES DISTRICT COURT

12    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

14

15  JADE BERREAU, as administrator of        Case No.
    the Estate of Dashiell Snow;
16                                           **COMPLAINT FOR DAMAGES**
            Plaintiff,                       **AND INJUNCTIVE RELIEF FOR**
17                                           **COPYRIGHT INFRINGEMENT,**
            v.                               **VIOLATION OF THE LANHAM**
18                                           **ACT, UNFAIR COMPETITION,**
    MCDONALD'S CORPORATION, and              **AND FALSIFICATION OF**
19  DOES 1-10 inclusive.                     **COPYRIGHT MANAGEMENT**
                                             **INFORMATION**
20          Defendants.
                                             **DEMAND FOR JURY TRIAL**
21

22        Plaintiff Jade Berreau, as administrator of the Estate of Dashiell Snow

23  ("Plaintiff"), and guardian of Secret Snow ("Secret"), a minor individual, hereby

24  complains against Defendant McDonald's Corporation ("McDonald's"), and Does

25  1-10 inclusive, (collectively referred to as "Defendants") as follows.

26                        **SUMMARY OF THE CASE**

27        1.    Jade Berreau is the administrator of the Estate of Dash Snow. Mr.

28

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD. LOS ANGELES CA 90004

TEL: (323) 465-3100   FAX: (323) 465-3177

Snow was a highly acclaimed contemporary artist who died in 2009. His work has been exhibited in prominent museums and galleries around the world, and has commanded six-figure prices at fine auction houses like Christie's and Sotheby's. Mr. Snow was named a "young master" by the Wall Street Journal in 2006.

2.      Inexplicably, Defendants are using Mr. Snow's artwork as décor in hundreds of McDonald's restaurants, and are using his name and signature in a manner suggesting that Mr. Snow created all of the surrounding artwork (which adorns the entirety of McDonald's graffiti-themed restaurants). Below left is an image of Snow's artwork, which consists of a stylized signature of his pseudonym "SACE." Below right is an image of a wall in a McDonald's restaurant in London, which clearly includes a brazen copy of Mr. Snow's work. Hundreds of McDonalds around the world use near-identical interior design.

 

3.      Defendants are clearly attempting to trade on Mr. Snow's name and reputation. Indeed, Defendants singled out and spotlighted the display panels featuring Mr. Snow's artwork. Not only is Mr. Snow's artwork the largest and most prominent element on display, but it is also the only element "created" by a famous artist. The remaining graphic elements are comprised of generic anonymous shapes and scribbles. Mr. Snow's famous work is so prominently placed, it was the *only*

2

element singled out and spotlighted in media coverage surrounding McDonald's display campaign. Mr. Snow was mentioned by name in at least one such press article, under the false assumption (which resulted from Defendants' copying) that he authorized the use of his artwork and was therefore affiliated with and endorsed McDonald's.

4.      The graffiti-themed McDonald's restaurants were meant to engage customers, increase foot-traffic, and increase sales revenues. And they did just that. Representatives of the company acknowledge that a display featuring Mr. Snow's artwork contributed to greater customer traffic and an overall 9% increase in sales.

5.      Defendants' exploitation of Mr. Snow's work is all the more unfortunate because the artist carefully avoided any association with corporate culture and mass-market consumerism. Indeed, Mr. Snow was diligent in controlling distribution channels of his work. He has never made his original art available on the internet, in retail stores, or in restaurants—partly for artistic reasons but also because doing so would diminish the value of his work. Nothing is more antithetical to Mr. Snow's outsider "street cred" than association with corporate consumerism— of which McDonald's and its marketing are the epitome. Mr. Snow is now wide open to charges of "selling out." And because McDonald's has established a terrible reputation in the art community by copying designs from other artists, Mr. Snow's perceived association with the restaurant chain has further diminished the value of Mr. Snow's work.

6.      Mr. Snow's family demanded that McDonald's remove the artwork as soon as they discovered it in June 2016. But despite the obvious infringement, McDonald's has arrogantly refused to comply, which has made this lawsuit necessary. Plaintiff brings this straightforward copyright infringement claim for misappropriation of Mr. Snow's original graphic expression. And because the misappropriation includes source-identifying elements of Mr. Snow's original

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

work—including Mr. Snow's own pseudonymous name and signature—Plaintiff also brings claims under the laws of trademark, unfair competition, and for falsification of "copyright management information" under the Digital Millennium Copyright Act.

## JURISDICTION AND VENUE

7.      Plaintiff brings this action for copyright infringement (17 U.S.C. § 101, *et seq*.); violation of Section 43(a) of Lanham Act (15 U.S.C. § 1125(a)); unfair competition under California law; falsification of copyright management information (17 U.S.C. § 1202), and negligence.

8.      This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. §§ 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Defendants are subject to the personal jurisdiction of the Court because they do transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(3) because one or more Defendant is subject to personal jurisdiction here in that McDonald's has a regional headquarters in Long Beach and operates many retail restaurants in this District.

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100  FAX: (323) 465-3177

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD, LOS ANGELES CA 90004
TEL: (323) 465-3100 FAX: (323) 465-3177

**THE PARTIES**

11.     Plaintiff Jade Berreau is, and at all times relevant times herein has been a resident of New York City, New York. Ms. Berreau is the mother and guardian of Mr. Snow's only child, Secret Snow. Mr. Snow died intestate on July 13, 2009. On November 20, 2009, the Surrogate's Court of the County of New York named Jade Berreau the administrator of Snow's estate. Mr. Snow's property is today held by his estate, in that a formal disposition of such property has not been made. Under the applicable laws of intestate succession, Snow's (and Berreau's) daughter Secret is entitled to his entire estate.

12.     At all times relevant herein, McDonald's is a multinational corporation authorized to do business, and doing business, in Los Angeles County. It maintains a regional office in Long Beach, California.

13.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

14.     Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of each of the other Defendants.

**GENERAL ALLEGATIONS**

15.     Mr. Snow was a prolific contemporary artist. His career spanned the

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1990's and 2000's. Like other graffiti artists, his art consisted of stylized versions of his signature and logo "SACE."

16.   Before and after his death, Mr. Snow was recognized as a gifted and brilliant artist, and the value of his works reflects such status. For example, in 2006, the Wall Street Journal named Dash Snow a "23-year old Master." In 2009, a headline in The Guardian queried whether Mr. Snow was "An icon for our times."

17.   In an effort to improve its image in young urban communities, McDonald's developed an international campaign using television commercials and in-store displays featuring graffiti artwork.

18.   Inside hundreds of its restaurant locations around the world, McDonald's now uses these artwork displays to compliment its other media campaigns and attract customers. Numerous articles have been published emphasizing the importance McDonald's Corporation places on its in-store display and décor programs and the correlation between display/décor choices and increased revenues.

19.   In this regard, McDonald's (on information and belief from its U.S. offices) undertook to unlawfully copy, and did unlawfully copy, Mr. Snow's name, signature, and artwork for the purpose of displaying it, and allowing its franchisees to display it, in restaurants around the world in conjunction with these campaigns. On information and belief, Defendants chose to include Mr. Snow's artwork and signature in its graffiti theme décor, because of its aesthetic value and to give the false impression that he is affiliated with and endorses McDonald's.

20.   These unauthorized copies are the largest design elements on the panels in which they are displayed, causing Mr. Snow's name, signature, and artwork to be clearly identifiable; and giving the false impressions that Mr. Snow authored all of the artwork comprising the relevant restaurants' décor, and that Mr. Snow endorses McDonald's.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

21.     Defendants made these unauthorized copies of Mr. Snow's name, signature, and artwork without his consent or the consent of his estate (or the consent of Plaintiff, or Secret Snow).

22.     Defendants' use of Mr. Snow's name is for the purpose of their own advertising and brand enhancement.

23.     Defendants continue to use Mr. Snow's name, signature, and artwork for their own benefit, without authorization, and despite the demands for its removal by Mr. Snow's estate and family.

24.     Due to Defendants' use of Mr. Snow's name, signature, and artwork in several hundred McDonald's stores worldwide, Mr. Snow's reputation and legacy have been irreparably tarnished, diminishing the value of his works.

25.     Defendants' use of Mr. Snow's name, signature, and artwork is deceptive by strongly suggesting that Mr. Snow endorses, sponsors, or is affiliated with McDonald's and its products, causing (and substantially likely to continue to cause) mistake and confusion. And indeed, as a result of Defendants' misconduct, members of the public came to believe that Mr. Snow was affiliated with and endorses McDonald's. For example, press accounts of McDonald's graffiti décor specifically identified Mr. Snow as a contributor. Of course, Mr. Snow has never endorsed, sponsored, or affiliated himself with McDonald's in any way.

26.     Defendants' unauthorized use of Mr. Snow's name, signature, and artwork was and is willful, knowing and intentional. Plaintiff urgently demanded removal of the images several months ago immediately upon learning of the infringing conduct. Defendants have refused to comply. Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was,

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

27.   Defendants benefitted from the misappropriation and infringement in a number of ways, including but not limited to the following: (i) they enjoyed the increased foot-traffic and sales increases at McDonald's restaurants generated by the displays, and (ii) the association with Mr. Snow increased the value, image, and positioning of the McDonald's brand.

28.   Mr. Snow has been harmed by the misappropriation and infringement described above in a number of ways, including damage to Mr. Snow's reputation and credibility in the art world based upon the perceived association with and endorsement of McDonald's, resulting in diminished value of his works, among other detriments.

29.   Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

30.   Plaintiff is at present unable to ascertain the full extent of the monetary damages Plaintiff has suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendants' as may be recoverable under 17 U.S.C. § 1203, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful falsification, removal and alteration of copyright management information.

31.   Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully continue the conduct herein described.

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD, LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

**First Claim For Relief For Copyright Infringement**

**(Against All Defendants)**

32.    Plaintiff incorporate herein by this reference paragraphs 1 through 31 as if set forth in full in this cause of action.

33.    Snow's graphic expression, as shown in the image above, is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was fixed in a tangible medium of expression, in that Mr. Snow painted the artwork on a wall in New York City. An application for a federal registration of the artwork has been filed with the Register of Copyrights, dated September 17, 2016; and the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form. Defendants infringed Snow's work, as described above.

34.    At all times since the creation of the graphic expression, Mr. Snow complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the graphic expression here at issue (which, for clarity, is the graphic expression pictured in Paragraph 2 above). Mr. Snow was the sole owner of all rights, title, and interest in and to the copyright in the graphic expression, until his death. Those rights are now held by Mr. Snow's estate, which is administered by Plaintiff. Under the applicable laws of intestate succession, Secret Snow will be the successor to the rights. Plaintiff is the guardian of Secret Snow. On September 17 2016, Plaintiff applied for a federal registration for the subject work from the Registrar of Copyrights (Case # 1-4004038371).

35.    Subsequent to Mr. Snow's creation of the graphic expression and (on information and belief) with full knowledge of the rights of Plaintiff, Defendants infringed Plaintiff's copyright by copying, as described above, the artwork and exhibiting such copied images as in-store marketing materials at McDonald's

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

restaurants.

36.    All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

37.    By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court.

38.    By reason of its infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants' directly or indirectly attributable to such infringement (as well as punitive damages as alleged above).

**Second Claim For Relief For Falsification of Copyright Management Information in Violation of 17 U.S.C. § 1202**

**(Against All Defendants)**

39.    Plaintiff incorporates herein by this reference paragraphs 1 through 38 as if set forth in full in this cause of action.

40.    By placing Snow's signature on the graffiti-themed artwork adoring McDonald's restaurants, Defendants intentionally falsified copyright management information with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act in violation of 17 U.S.C. § 1202.

41.    Defendants' falsification of copyright management information was made without Plaintiff's knowledge or authority.

42.    Defendants' falsification of copyright management information was done intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Snow's original work. Defendants also knew,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

or had reason to know, that such removal and alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in Snow's work.

43.     Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with McDonald's.

44.     In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

**Third Claim For Relief For Unfair Competition Under Section 43(a) of**

**The Lanham Act (15 U.S.C. § 1125(a))**

**(Against All Defendants)**

45.     Plaintiff incorporates herein by this reference paragraphs 1 through 44 as if set forth in full in this cause of action.

46.     As described above, Defendants have falsely used Dash Snow's art pseudonym "SACE" trade name, trademark, logo, and professional signature, duplicated on various in-store marketing materials throughout several hundred McDonald's locations, creating confusion as to the source of McDonald's artwork, and as to Mr. Snow's affiliation with, and endorsement of McDonald's. Members of the public, including art world consumers and observers, as well as the art press, have come to recognize Mr. Snow's professional name, and his signature, as belonging to Mr. Snow. Mr. Snow's signature and name have secondary meaning, as that term is understood in trademark law.

47.     The goodwill and reputation associated with Mr. Snow's name and signature has continuously grown throughout the general public. Mr. Snow's name and signature "SACE" are known throughout the United States, the State of California, and the World, as a source of origin for Mr. Snow's artistic product.

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD, LOS ANGELES CA 90004

TEL: (323) 465-3100   FAX: (323) 465-3177

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

48.     Mr. Snow spent substantial resources successfully establishing his name and signature and name in the minds of consumers as associated with high quality prestigious artwork.

49.     Mr. Snow's name and signature is strong, fanciful, non-functional and distinctive, and inherently distinctive. Through Mr. Snow's efforts in exhibiting his work for more than two decades, his "SACE" name has become distinctive of his artwork, and acquired secondary meaning among relevant consumers, art collectors, museums, galleries, and the public generally.

50.     Defendants used Mr. Snow's name and signature artwork alongside generic artwork, creating confusion as to source and the false overall impression that Mr. Snow created the *entire* display design for McDonald's.

51.     Defendants' use of Mr. Snow's "SACE" name and signature is designed to create and does create the false and deceptive commercial impressions that (a) McDonald's is associated with and/or endorsed by Mr. Snow, and (b) Mr. Snow is the author of the artwork displayed in McDonalds restaurants. The use by Defendants of Mr. Snow's name and signature is likely to cause confusion or mistake or deception of purchasers as to the source of the artwork, or as to Mr. Snow's endorsement of Defendants' goods.

52.     Customers and potential purchasers are likely to be attracted to the McDonald's locations described herein, creating an initial interest in the stores upon seeing them and creating a lasting appreciation, believing them to be special and uniquely associated with Mr. Snow, thereby resulting in consumer confusion. Defendants' conduct will damage Mr. Snow's ability to enjoy, maintain and exploit his hard-won brand-recognition and status as a leader and pioneer of contemporary graffiti art.

53.     Although Mr. Snow maintained the highest standard of quality, and specifically did not casually offer any original images for sale on clothing articles or

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

other consumer goods, Plaintiff has no control over the type or quality of the goods and services provided by the Defendants. Goods of low quality, or with the established public perception of being low quality, such as those served at McDonald's, if associated with Mr. Snow, will damage Mr. Snow's reputation.

54.    In addition, Defendants' use of Mr. Snow's name and signature harms its distinctiveness by associating it with fast-food restaurants, and diminishes their ability to connote a single source of Mr. Snow's artwork.

55.    By Defendants' conduct alleged here, Defendants have wrongfully appropriated for themselves business and goodwill value that properly belongs to Mr. Snow and that Mr. Snow had invested time, money, and energy in developing.

56.    By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of Mr. Snow's works, and Mr. Snow's rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

57.    By virtue of Defendants' acts described above, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, *inter alia*, 15 U.S.C. § 1125(a).

58.    Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, and to the goodwill associated with Snow's valuable and well-known trade name and Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

59.    In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD, LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

rights. Plaintiff is therefore entitled to punitive damages.

**Fourth Claim For Relief For Unfair Competition Under**

**California Business And Professions Code §§ 17200 et seq.**

**(Against All Defendants)**

60.     Plaintiff incorporates herein by this reference paragraphs 1 through 59 as if set forth in full in this cause of action.

61.     Defendants, by means of the conduct described above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200, *et seq*. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' goods and Defendants' association with Mr. Snow, and (b) the general public and trade is likely to be confused regarding the business relationship between Mr. Snow and Defendants. Further, without limiting the generality of the foregoing, Defendants' acts, as described above, constitute copyright infringement under 17 U.S.C. §501, and falsification of copyright management information under 17 U.S.C. §1202. The harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200.

62.     Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to their business and reputation, as a direct and proximate result of Defendants' conduct (as described above).  Unless enjoined by this Court, there is a substantial likelihood that Defendants will continue to engage in such unlawful,

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

unfair, and deceptive business practices, for which Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

63.     Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

64.     As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

65.     By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

66.     In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## Fifth Claim For Relief For Unfair Competition Under
## California Common Law
### (By Plaintiff, Against All Defendants)

67.     Plaintiff incorporates herein by this reference paragraphs 1 through 66

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

1  as if set forth in full in this cause of action.

2      68.    The above-described conduct of Defendants constitutes unfair

3  competition under the common law of the State of California.

4      69.    As a result of Defendants actions, Plaintiff has been damaged in an

5  amount to be proven at trial.

6                  **Sixth Claim For Relief For Negligence**

7                  **(Against All Defendants)**

8      70.    Plaintiff incorporates herein by this reference paragraphs 1 through 69

9  as if set forth in full in this cause of action.

10      71.    Defendants, and each of them, owed a duty of care to Plaintiff, as

11  described above.

12      72.    Defendants breached their duty of care to Plaintiff, and failed to

13  exercise reasonable care in that, among other things, they failed to prevent injurious

14  falsehoods from reaching the public.

15      73.    As a proximate result of Defendants' negligence, Plaintiff has been

16  damaged in an amount to be proven at trial but exceeding the jurisdictional

17  minimum of this Court.

18                  **PRAYER**

19      WHEREFORE, Plaintiff prays judgment against Defendants as follows:

20      1.    That Plaintiff is awarded all damages, including future damages, that

21  Plaintiff has sustained, or will sustain, as a result of the acts complained of herein,

22  subject to proof at trial (including recovery of Defendants' profits);

23      2.    That Plaintiff is awarded their costs, attorneys' fees and expenses in

24  this action;

25      3.    That Plaintiff is awarded pre-judgment interest;

26      4.    For an order permanently enjoining Defendants and their employees,

27  agents, servants, attorneys, representatives, successors, and assigns, and any and all

28

16       COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.      That Defendants be ordered to immediately recall and remove the infringing display materials from any and all store locations, and to supply accountings to Plaintiff's counsel;

6.      That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after service of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7.      That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Profession Code §§ 17200 et seq.;

8.      For disgorgement of all proceeds, and restitution of monies wrongfully received by Defendants as the result of their wrongful conduct, including copyright and trademark infringement, and unlawful, unfair, and deceptive business practices;

9.      For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10.     For further relief, as the Court may deem appropriate.

DATED: October 3, 2016          GLUCK LAW FIRM P.C.

By: _____

Jeffrey S. Gluck
Attorney for Plaintiff JADE BERREAU

ERIKSON LAW GROUP
200 N. LARCHMONT BLVD. LOS ANGELES CA 90004
TEL: (323) 465-3100   FAX: (323) 465-3177

1

## DEMAND FOR JURY TRIAL

2  Plaintiff hereby demands a jury trial on their claims on all issues triable by a

3  jury.

4

5  DATED: October 3, 2016           GLUCK LAW FIRM P.C.

6

7

                                    By: _____

8                                        Jeffrey S. Gluck

9                                        Attorneys for Plaintiff JADE BERREAU

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERIKSON LAW GROUP

200 N. LARCHMONT BLVD.  LOS ANGELES CA 90004

TEL: (323) 465-3100   FAX: (323) 465-3177