PETER K. STRIS (SBN 216226)
  peter.stris@strismaher.com
BRENDAN S. MAHER (SBN 217043)
  brendan.maher@strismaher.com
ELIZABETH R. BRANNEN (SBN 226234)
  elizabeth.brannen@strismaher.com
VICTOR O'CONNELL (SBN 288094)
  victor.oconnell@strismaher.com
STRIS & MAHER LLP
725 South Figueroa Street, Suite 1830
Los Angeles, CA 90017
Telephone:   (213) 995-6800
Facsimile:   (213) 261-0299

*Attorneys for Defendant*
McDonald's Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JADE BERREAU, as administrator of the Estate of Dashiell Snow,<br><br>    Plaintiff,<br><br>    v.<br><br>MCDONALD'S CORPORATION, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:16-CV-07394 FMO (ASx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(3)**<br><br>Date:   December 1, 2016<br>Time:   2:00 p.m.<br>Judge:  Hon. Fernando M. Olguin |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ...................................................................................................1

ARGUMENT .........................................................................................................2

    I.    This Action Should Be Dismissed Pursuant To FRCP 12(b)(2) For Lack Of Personal Jurisdiction. .............................................3

        1.    McDonald's Is Not Subject To General Jurisdiction In California. ............................................................4

        2.    Plaintiff Has Not Alleged Any Suit-related Contacts That Could Possibly Give Rise To Specific Jurisdiction. ........................................................................5

    II.    This Action Should Be Dismissed Pursuant To FRCP 12(b)(3) Because Venue Is Improper In This Court. ...............................9

CONCLUSION ....................................................................................................10

## INTRODUCTION

Plaintiff Jade Berreau is a New York resident. She filed this lawsuit asserting copyright, Lanham Act, unfair competition, and negligence claims against McDonald's Corporation ("McDonald's"), a Delaware corporation headquartered in Illinois. According to Ms. Berreau, McDonald's has wrongfully appropriated the graffiti art of her deceased partner, Dashiell Snow, and used that art in the décor of a small percentage of McDonald's restaurants.

Ms. Berreau's allegations are meritless. But that is not a matter for litigation *in this court* because nothing relevant to this lawsuit has any connection whatsoever to California. The graffiti art is located in New York City. The McDonald's restaurants at issue are located overseas. And the complaint does not identify a single relevant act or omission of McDonald's that took place in California. Nor could it.

As such, this action must be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## BACKGROUND

McDonald's is a Delaware Corporation headquartered in Oak Brook, Illinois. *See* Declaration of David Vilkama ("Vilkama Decl."), Ex. A at 1 (McDonald's 2015 Form 10-K). Plaintiff correctly alleges that McDonald's is a multi-national corporation authorized to do business in Los Angeles County. ECF No. 1 ("Compl."), ¶ 12. Plaintiff alleges without elaboration that McDonald's is "doing business" in this county, and incorrectly alleges that McDonald's maintains a regional office in Long Beach, California. *Id.* In actuality, McDonald's Corporation has no office in Long Beach. The office Plaintiff identifies is a location of a different corporate entity, McDonald's USA, LLC.[1] Vilkama Decl. ¶¶ 6-7.

---

[1] McDonald's USA, LLC is a Delaware limited liability company which, like its corporate parent, McDonald's Corporation, is headquartered in Oak Brook, Illinois. Vilkama Decl. Ex. B (Secretary's Certificate). McDonald's USA, LLC maintains a regional office in Long Beach. Vilkama Decl. ¶ 6.

Plaintiff is a New York resident, Jade Berreau, filing suit as administrator of the estate of Dashiell Snow, a former New York resident who is now deceased. Compl. ¶ 11. The estate allegedly remains in probate before "the Surrogate's Court of the County of New York." *Id.* ¶ 11. Mr. Snow, the complaint alleges, was a prolific artist whose graffiti art "[l]ike other graffiti artists . . . consisted of stylized versions of his signature and logo 'SACE.'" *Id.* ¶ 15.

Plaintiff alleges that McDonald's Corporation, "on information and belief from its U.S. offices," unlawfully copied artwork consisting of Mr. Snow's name and signature, which "Mr. Snow painted . . . on a wall in New York City." *Id.* ¶¶ 19, 33. According to the complaint, McDonald's uses the allegedly copied work as décor "[i]nside hundreds of its restaurant locations around the world . . . ." *Id.* ¶¶ 2, 18.

Tellingly, Plaintiff does not allege that any restaurants use the disputed décor in California. Rather, the complaint identifies only a single *European* location in which the décor is in use: a McDonald's restaurant in London. *Id.* ¶ 2. That is because the décor in question is *not* used in the United States. Plaintiff has not alleged, and cannot truthfully allege, otherwise. Vilkama Decl. ¶ 4 (affirming that the disputed décor is used only in McDonald's restaurants located outside the United States).

## ARGUMENT

This case was filed in what is obviously the wrong court. McDonald's is not "at home" in California, and the claims alleged have no connection to this State. As a result, Plaintiff cannot meet her burden to show that McDonald's is subject to personal jurisdiction (or that venue is proper) in this Court. Under either Rule 12(b)(2) or 12(b)(3) of the Federal Rules of Civil Procedure, this case should be dismissed.

## I. This Action Should Be Dismissed Pursuant To FRCP 12(b)(2) For Lack Of Personal Jurisdiction.

Personal jurisdiction may be either "general" or "specific." [2] Corporate defendants are subject to general jurisdiction (meaning they can be sued on claims unrelated to their forum contacts) only where they are "at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) ("*Goodyear*"). Specific jurisdiction, in contrast, subjects defendants to suit away from home, but is permissible only when a plaintiff's cause of action arises out of the defendant's purposeful contacts with the forum. *Id.*; *Walden v. Fiore*, 134 S. Ct. 1115, 1121-23 (2014); *see also Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In this case, this Court cannot appropriately exercise general or specific jurisdiction over McDonald's.

Notably, in responding to this motion, "the [P]laintiff bears the burden of establishing that jurisdiction is proper." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). Where personal jurisdiction is challenged based on the facts alleged in the complaint, whether or not supported by affidavits or other materials, the plaintiff must make a prima facie showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[P]laintiff cannot 'simply rest on the bare allegations of its complaint . . . .'") (quoting *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)); *Data Disc Inc. v. Systems Tech. Assoc's, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1997). And even with respect to personal jurisdiction, a complaint must not require more inferences than those permissible under the pleading standard clarified in *Ashcroft v. Iqbal*, 556 U.S. 662

---

[2] "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits. California's long-arm statute, Cal.Civ.Proc.Code § 410.10, is coextensive with federal due process requirements . . . ." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). This analysis applies equally to the state law claims. *See, e.g., Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (noting that "the jurisdictional analyses under state law and federal due process are the same").

(2009). *Fiore v. Walden*, 688 F.3d 558, 574-75 (9th Cir. 2012) (noting that "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not support a plaintiff's pleading burden") (citation omitted), *rev'd on other grounds by Walden v. Fiore*, 134 S. Ct. 1115 (2014).

In her complaint, Plaintiff includes boilerplate language claiming that this Court may exercise jurisdiction over McDonald's. *See* Compl. ¶ 9 ("Defendants are subject to the personal jurisdiction of the Court because they do transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District."). Plaintiff's assertion of jurisdiction, however, does not come close to meeting her "burden of establishing that jurisdiction is proper." *Ranza*, 793 F.3d at 1068.

Nor can Plaintiff make the necessary showing. As explained below: McDonald's is not subject to general jurisdiction in California, *see infra* pp. 4-5; and Plaintiff's complaint fails to allege *any* suit-related contacts of McDonald's with California that could possibly give rise to specific jurisdiction in this case, *see infra* pp. 5-8. Consequently, this action should be dismissed pursuant to Rule 12(b)(2).

**1. McDonald's Is Not Subject To General Jurisdiction In California.**

When a defendant is subject to the general jurisdiction of a forum state, a court in that forum may adjudicate *any* cause of action, even one unrelated to a defendant's activities in the state. *Helicopteros*, 466 U.S. at 414 n.9. In 2011, the United Sates Supreme Court decided *Goodyear*, which clarified the law and narrowed the circumstances under which the exercise of general jurisdiction over a corporation is appropriate. 131 S. Ct. at 2851. Specifically, *Goodyear* held that to have general jurisdiction over a corporate defendant, its "affiliations with the State must be so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Id.*

4

Then in 2014, the Supreme Court decided *Daimler AG v. Bauman*, 134 S. Ct. 746 ("*Daimler*"), which specified and further limited the circumstances in which a corporate defendant may be considered "at home" and therefore properly subject to general jurisdiction. *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 689 (9th Cir. 2014) (quoting *Goodyear*, 131 S. Ct. at 2851, and citing *Daimler*, 134 S. Ct. at 755-58). As the Ninth Circuit has explained, under *Daimler*, "[t]he two places where a corporation is 'essentially at home' and therefore subject to general jurisdiction are its place of incorporation and its principal place of business." *Lightfoot*, 769 F.3d at 658 (citing *Daimler*, 134 S. Ct. at 760).[3]

McDonald's is incorporated in Delaware, not California, and its "nerve center," *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), is Illinois, where its headquarters are located. Vilkama Decl. Ex. A. That ends the inquiry under *Daimler*: Because McDonald's is not "at home" in California, it is not subject to general jurisdiction here. McDonald's is subject to general jurisdiction only in Delaware or Illinois.

### 2. Plaintiff Has Not Alleged Any Suit-related Contacts That Could Possibly Give Rise To Specific Jurisdiction.

None of the alleged acts on which Plaintiff's claims are based occurred in California or are in any way related to the business McDonald's conducts in California. This is dispositive, because when specific jurisdiction is at issue, the only claims a court may adjudicate must arise out of the defendant's suit-related contacts with the forum. *Goodyear*, 131 S. Ct. at 2851. Here, there are no suit-related California contacts, and thus no specific jurisdiction.

---

[3] The *Daimler* court acknowledged that in an "exceptional case," a corporation might be at home in a state other than its place of incorporation or its principal place of business. That would entail, for example, a corporation's *de facto* principal place of business being temporarily in a different location from its formal headquarters, such that jurisdiction could lie in the principal but temporary home. *Daimler*, 134 S. Ct. at 755-57, 756 n.8, 761 n.19 (discussing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 n.11 (1984) (describing the facts of *Perkins*, in which a Philippine corporation temporarily relocated to and was subject to jurisdiction in Ohio during Japanese occupation of the Philippines during World War II). Nothing like that is true here.

A court has specific jurisdiction over a defendant if (1) there is a connection between the forum and the episode-in-suit, and (2) once the requisite connection has been shown, the exercise of jurisdiction is reasonable. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-14 (1987). In the Ninth Circuit, courts analyze specific jurisdiction involving alleged torts using a three-part test: (1) the non-resident defendant must purposefully direct its activities toward the forum; (2) the claim must arise out of those forum-related activities; and (3) exercising jurisdiction must comport with fair play and substantial justice. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *see also Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) ("Because Mavrix has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'") (citations omitted); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002) (applying purposeful direction analysis to trademark claims).

Plaintiff's complaint fails this test, because no alleged tortious activity occurred in (or was directed at) California. Read charitably, the complaint alleges only two acts that could even conceivably suffice: (1) copying in the first place Mr. Snow's graffiti art from a wall in New York City, Compl. ¶¶ 19, 33; and (2) displaying unauthorized copies of it as part of the décor at a relatively small number ("[h]undreds" out of tens of thousands) of McDonald's restaurants, including one located in London, Compl. ¶ 2. And even apart from the complaint's fatal failure to allege facts showing that McDonald's Corporation was actually the entity that purportedly did either of those things, there is another fundamental problem: neither the allegedly wrongful copying nor displaying had anything to do with California. Plaintiff does not allege otherwise.

To be clear: Plaintiff does not (and cannot) allege that McDonald's copied any of the allegedly infringing artwork in California; Plaintiff does not (and cannot) allege that McDonald's has displayed any of the allegedly infringing artwork in California; indeed, Plaintiff does not even allege California copying or display on information and

6

belief. Nor could she. Vilkama Decl. ¶¶ 4, 5 (stating that McDonald's Corporation and McDonald's USA, LLC did not have any role in creating or approving the disputed décor for use in McDonald's restaurants located outside of the United States). These simple facts should end the inquiry. *See, e.g.*, *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 998 (C.D. Cal. 2013).

With respect to copying, the best Plaintiff can allege is: "McDonald's (on information and belief from its U.S. offices) undertook to unlawfully copy, and did unlawfully copy, Mr. Snow's name, signature, and artwork for the purpose of displaying it, and allowing its franchisees to display it, in restaurants around the world . . . ." Compl. ¶ 19. But the complaint also makes clear that Mr. Snow painted the allegedly copied work "on a wall in New York City." Compl. ¶ 33. The complaint makes no effort to explain how McDonald's employees in California were somehow involved in or connected to copying graffiti in New York City for an obvious reason: there is no connection.

With respect to display, the only *Iqbal-Twombly* sufficient allegation in the complaint concerns a restaurant located in London: "Defendants are using Mr. Snow's artwork as décor in hundreds of McDonald's restaurants . . . Below right is an image of a wall in a McDonald's restaurant in London, which clearly includes a brazen copy of Mr. Snow's work. Hundreds of McDonald's around the world use near-identical interior design." Compl. ¶ 2. If McDonald's had used the décor in California, Plaintiff could easily have alleged that. But she made no such allegation. And no such claim could truthfully be made, because the work is *not* on display here (or anywhere else in the United States). Vilkama Decl. ¶ 4.

While the complaint makes passing references to California contacts, those do not suffice. To meet her burden, Plaintiff must plausibly allege that McDonald's has a sufficient number of contacts with California *that are related* to this lawsuit. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (reaffirming that, for specific jurisdiction to exist, "the defendant's suit-related conduct must create a substantial connection with

7

the forum State."); *id.* at 1121 n.6 (confirming that contacts having nothing to do with the "underlying controversy" in the litigation are irrelevant to specific jurisdiction) (citation omitted). Plaintiff does not (and cannot) allege that McDonald's engaged in any other California activities that are relevant to this lawsuit.

The alleged regional office in Long Beach, *see* Compl. ¶ 12, does not support the exercise of specific jurisdiction. This is not a location of McDonald's Corporation, but even if it were, *nothing* has ever even allegedly happened there that relates in any way to the issues raised in the complaint. Nor could Plaintiff ever make any truthful suit-related allegation as to this office. Vilkama Decl. ¶ 6 (affirming that the Long Beach regional office of McDonald's USA, LLC is not involved in creating or approving décor for any McDonald's restaurants).[4] Plaintiff's allegation about a regional office (of McDonald's Corporation's subsidiary) is akin to the bare assertion that McDonald's does business in California and this District, and that is not enough. *See, e.g.*, *Unicolors Inc. v. Myth Clothing Co.*, Case No. 2:15-cv-9419-CAS (JCx), 2016 WL 738289, at *6 (C.D. Cal. Feb. 22, 2016) (explaining that conclusory allegation that defendant is "doing business in California" is insufficient under Ninth Circuit and Supreme Court precedent) (citations omitted).

In short, the complaint fails to allege *any* suit-related contacts of McDonald's Corporation with California.[5] As in *Walden*, "none of [defendant's] challenged conduct had anything to do with [California] itself." 134 S. Ct. at 1125. As a result, McDonald's is not subject to personal jurisdiction in this District.

---

[4] For this reason, the result would be no different if Plaintiff were to seek to amend her complaint to name McDonald's USA, LLC as a defendant. The governing Supreme Court and Ninth Circuit precedent precludes exercising personal jurisdiction over McDonald's USA, LLC for all of the same reasons.

[5] Of course, the fact that Plaintiff's lawyers are based in California and happen to prefer this forum is also insufficient to invoke the power of this Court. *See, e.g.*, *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991) (personal jurisdiction turns on the *defendant's* contacts).

## II. This Action Should Be Dismissed Pursuant To FRCP 12(b)(3) Because Venue Is Improper In This Court.

When a defendant challenges venue based on Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Piedmont Label Co. v. Sun Garden Packaging Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Whiteman v. Grand Wailea Resort*, No. 3:98-cv-04442-MMC, 1999 WL 163044, at *1 (N.D. Cal. Mar. 17, 1999). She cannot meet her burden.

Plaintiff alleges that venue is appropriate in this district under the general venue statue, which provides that a civil action may be brought in a judicial district that satisfies one of three criteria:

1) one in which any defendant resides, if all defendants reside in-state;[6]
2) one in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
3) if there is no other appropriate district, one in which any defendant is subject to personal jurisdiction with respect to the action.

*See* 28 U.S.C. § 1391(b).

The venue provision of the Copyright Act governs venue over the asserted copyright claims. *See* 28 U.S.C. § 1400(a). It provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." *Id.* Despite being ostensibly more restrictive than § 1391(b),[7] the Ninth Circuit

---

[6] For purposes of § 1391(b)(1), a corporation resides in any judicial district in which it is subject to personal jurisdiction with respect to the action. 28 U.S.C. § 1391(c)(2).

[7] *Cf. In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016) (en banc) (rejecting argument for more restrictive reading of patent venue statute, 28 U.S.C. § 1400(b), which also authorizes suit "in *the* judicial district where the defendant resides . . . .") (emphasis added), *petition for cert. filed*, *TC Heartland LLC v. Kraft Food Brands Group LLC* (U.S. Sept. 12, 2016) (No. 16-341).

interprets § 1400(a) to allow venue in any judicial district in which the defendant would be subject to personal jurisdiction if the district were "treated as a separate state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010); *Columbia Pictures Television v. Krypton BC*, 106 F.3d at 284 (9th Cir. 1997) ("Venue under 28 U.S.C. § 1400(a) is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.")

None of these venue requirements are met in this case. No events or omissions giving rise to Plaintiff's claim have allegedly occurred in this District. No property that is the subject of the action is situated here. Venue therefore is not proper under § 1391(b)(2). The remaining inquiries under § 1391(b)(1), § 1391(b)(3), and § 1400(a) are coterminous with the personal jurisdiction analysis. For the reasons set forth above, *see supra* pp. 3-8, McDonald's would not be amenable to personal jurisdiction in the Central District of California if the district were a separate state. As such, venue is improper here.

## CONCLUSION

McDonald's respectfully requests that the Court grant its motion to dismiss.

Dated: October 28, 2016

**STRIS & MAHER LLP**

/s/ Elizabeth Brannen
Elizabeth Brannen

*Attorneys for Defendant*
McDonald's Corporation