**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
 Jeff@GluckIP.com
123 N. Kings Road #6
Los Angeles, California 90048
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
 david@daviderikson.com
S. Ryan Patterson (SBN 279474)
 ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JADE BERREAU, as administrator of the Estate of Dashiell Snow, and Guardian of Secret Snow;<br><br>Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION, and DOES 1-100 inclusive.<br><br>Defendants. | Case No. 2:16-CV-07394<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MCDONALD'S CORPORATION'S MOTION TO DISMISS**<br><br>[*Filed concurrently with Declaration of S. Ryan Patterson*] |

## I. INTRODUCTION

Plaintiff alleges that as part of an international campaign using advertising and in-store displays featuring graffiti, Defendant McDonald's Corporation ("McDonald's") misappropriated the work of artist Dash Snow, and, without authorization, displayed the artwork in hundreds of McDonald's restaurants worldwide. McDonald's, a global operation with fast-food restaurants all over the world, has profited from this misappropriation and infringement of Mr. Snow's artwork and Plaintiff, the administrator of Mr. Snow's estate, has suffered damages. Plaintiff alleges copyright, Lanham Act, and unfair competition claims against McDonald's.

As its initial response to the Complaint and without any discovery having been conducted, McDonald's pursues a motion to dismiss, claiming the Court lacks personal jurisdiction over McDonald's and may not adjudicate Plaintiff's claims. Although she believes jurisdiction could be established, Plaintiff submits that she should be permitted the opportunity to conduct targeted discovery as to McDonald's graffiti campaign and the impetus, implementation, and extent of McDonald's unauthorized use of Mr. Snow's artwork.

Plaintiff alleges that McDonald's maintains a corporate office in Long Beach. Of course, as a matter of common knowledge, McDonald's restaurants operate throughout California. In support of its motion to dismiss, McDonald's appears to assert that the company with a presence in California is in fact McDonald's subsidiary, McDonald's USA, LLC. More specifically, Defendant argues:

> Plaintiff alleges without elaboration that McDonald's is "doing business" in this county, and incorrectly alleges that McDonald's maintains a regional office in Long Beach, California. In actuality, McDonald's Corporation has no office in Long Beach. The office Plaintiff identifies is a location of a different corporate entity, McDonald's USA, LLC. [Memorandum in Support of Motion to Dismiss ("Motion to Dismiss"), Doc. 14-1, 1:19-24.]

In a footnote, McDonald's elaborates:

McDonald's USA, LLC is a Delaware limited liability company which, like its corporate parent McDonald's Corporation, is headquartered in Oak Brook, Illinois. McDonald's USA, LLC maintains a regional office in Long Beach. [*Id.*, Doc. 14-1, 1:26-28, fn.1.]

The assertion is a powerful one because if McDonald's restaurants in the U.S. were separately operated by a U.S. subsidiary—and all instances of infringement were abroad (as McDonald's also asserts), then jurisdiction may be tenuous.

But the facts are not as simple as McDonald's represents.

First, McDonald's only evidentiary support for the factual assertions in its Motion to Dismiss is the Declaration of David Vilkama, who states he is Director of Global Retail Design and New Concepts for McDonald's.[1] But Mr. Vilkama notably does not say that "McDonald's Corporation has no office in Long Beach" and he certainly does not say that McDonald's Corporation has nothing to do with the local operation of McDonald's restaurants other than as corporate parent of the operating entity. Rather, all Mr. Vilkama states on the relation between the entities is that "McDonald's Corporation does not conduct its operations at the Long Beach regional office of McDonald's USA, LLC." [Declaration of David Vilkama ("Vilkama Decl."), Doc 14-2, ¶7, ll. 16-17.]

That carefully parsed sentence could mean several things. It could mean, as is suggested in McDonald's moving papers, that the company's local operations are

---

[1] Plaintiff objects to the Vilkama Declaration on the basis that Mr. Vilkama lacks foundation for his assertions. Mr. Vilkama states that in his capacity as Director of Global Retail Design and New Concepts he is "necessarily familiar" with the creation and approval process for décor in McDonald's restaurants located inside and outside the United States. [Vilkama Decl., ¶1, ll. 22-24.] Mr. Vilkama also baldly states that "the décor identified in Paragraph 2 of the complaint in this lawsuit is used only in McDonald's restaurants located outside of the United States." [*Id.*, at ¶4, ll. 8-9.] Mr. Vilkama does not provide a basis for his statements. He does not represent that he is familiar with or responsible for the infringing graffiti design campaign. Mr. Vilkama does not identify when the infringing campaign was initiated, who came up with the concept, how many restaurants use the infringing design, or who at McDonald's initiated, created or approved the use of the infringing artwork. Given the lack of foundation, Plaintiff requests that the Court strike and not consider the cited portions of Mr. Vilkama's Declaration.

operated by its U.S. subsidiary, McDonald's USA, LLC ("McDonald's LLC"), and that Defendant has nothing to do with local operations or the Long Beach office other than owning the subsidiary. Or it could mean little more than that these two entities exist, and that McDonald's does not "conduct its operations" locally (which of course is obvious because, as Plaintiff alleged in the Complaint, McDonald's corporate headquarters are in Illinois). It appears McDonald's ambiguity is purposeful as the indisputable facts lead to a single conclusion - McDonald's has a significant presence in California, through its subsidiary, McDonald's LLC, which has a regional office in Long Beach and unquestionably has extensive operations in this state, and independently, through ongoing and continuous business activities McDonald's itself conducts directly in this state.

    In fact, using nothing other than simple Google searches, review of McDonald's own website and McDonald's California state filings, it is apparent Defendant McDonald's Corporation is very active in California and conducts significant business from Long Beach and throughout California. Indeed, McDonald's appears to represent that the Long Beach office is its own, i.e. McDonald's Corporation operates out of Long Beach.

    With this opposition, Plaintiff presents substantial evidence of McDonald's active presence and on-going activities in California, showing that McDonald's has purposefully directed its activities at California and purposefully availed itself of the benefits and protections of California law. With an opportunity to conduct discovery, Plaintiff believes she will be able to further establish McDonald's infringing and wrongful conduct and extensive operations in California. McDonald's cursory and deficient statements attempting to distance itself from this Court's jurisdiction are insufficient to evade this Court's reach. McDonald's motion to dismiss should be denied.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff Jade Berreau is the administrator of the Estate of Dash Snow. [Complaint, Doc.1, ¶1.] Mr. Snow was a highly acclaimed contemporary artist who died in 2009. [*Id.*] His work has been exhibited in prominent museums and galleries around the world, and has commanded six-figure prices at fine auction houses like Christie's and Sotheby's. [*Id.*] Mr. Snow was named a "young master" by the Wall Street Journal in 2006. [*Id.*] Plaintiff alleges that McDonald's is using Mr. Snow's artwork as décor in hundreds of its restaurants, including the prominent display of his signature. [*Id.*, at ¶¶2, 3, 18.] Plaintiff further alleges that McDonald's infringing activity was part of an international campaign using television commercials and in-store displays using graffiti artwork. [Complaint, ¶17.]

## III. FACTS

### A. Defendant's jurisdictional assertions of fact.

McDonald's bases its argument on the following assertions:

- "The décor in question is not used in the United States." [Motion to Dismiss 2:14, 15.]
- "McDonald's Corporation has no office in Long Beach. The office Plaintiff identifies is a location of a different corporate entity, McDonald's USA, LLC." [Motion to Dismiss 1:22, 24.]
- "McDonald's Corporation does not conduct its operations at the Long Beach regional office of McDonald's USA, LLC." [Vilkama Decl. ¶7.]
- Neither McDonald's or McDonald's LLC was involved in creating or approving the disputed decor. [Motion to Dismiss 7:1-3.]

**B.  Plaintiff's informal investigation has revealed that Defendant has a significant local presence, including high-level employees, and extensive land holdings.**

Defendant McDonald's is registered to do business in California. [Declaration of Ryan Patterson ("Patterson Decl."), ¶13, Ex. L, State of California, Statement of Information, filed October 4, 2016.][2] McDonald's LLC is also registered to do business in California. [Id.]

In support of its Motion to Dismiss, McDonald's offers the bare assertion that "McDonald's Corporation does not conduct its operations at the Long Beach regional office of McDonald's USA, LLC" [Vilkama Decl. ¶ 7], though it does appear to acknowledge that it does conduct some business in California [Motion to Dismiss 5:18]. While McDonald's doesn't specify what "its operations" consist of, there is irrefutable evidence that McDonald's does indeed conduct business from its Long Beach office.

McDonald's itself identifies the Long Beach office as its Southern California Regional Office. [Patterson Decl. ¶¶ 6, 7, Exhs. E, F.] McDonald's has numerous employees in the greater Los Angeles area (presumably at its Long Beach office), including a marketing director, marketing supervisor, and administrative manager. [Id. ¶ 2, Exh. A.] Indeed, McDonald's is currently advertising a job listing for a "Communications Manager" to be located in Long Beach. [Id., ¶5, Exh. D.] Notably, this job listing (and at least one other California job listing) contains the statement that

---

[2] In its most recent statement of information, McDonald's identifies its business as "Fast Food." [Patterson Decl., ¶13, Exh. L.] However, in its 2015 Statement, McDonald's identified its business as "Joint Venture." [Id.] Both of these documents were executed by the same corporate officer, assistant secretary Marcy Miller. [Id.] Marcy Miller also executed the 2011, and 2014 Statements of Information for McDonald's LLC, in which she is identified as a manager (2011) and Assistant Secretary (2014). [Id.]

6 OPPOSITION TO MOTION TO DISMISS

"McDonald's Corporation is an equal opportunity employer." [Id.] Additionally, McDonald's employs a great number of people throughout the California, including at least one executive. [Id., ¶¶ 3, 4, Exhs. B, C.]

McDonald's corporate presence in California is really no secret. In 2014, McDonald's touted the opening of its office in San Francisco—a move that was designed to enable McDonald's "to better attract and recruit digital talent; buttress business development; and provide the company 'a way for us to be more plugged into the flow of ideas.'" [Id., ¶ 9, Exh. H.] According to Atif Rafiq, McDonald's California-based "Chief Digital Officer," this office is "very connected to the operations of [McDonald's] business." [Id.] Finally, this Court's records show that McDonald's has litigated numerous cases in this District, both as a plaintiff and a defendant. [Id. ¶ 8, Exh. G.][3]

McDonald's claims that neither it, nor its McDonald's LLC subsidiary "were involved in creating or approving the disputed décor for use in McDonald's restaurants located outside of the United States." [Vilkama Decl. ¶5.] However, McDonald's owns and operates websites directed to customers in European and Asian countries. [Patterson Decl. ¶ 11, Exh. J.] McDonald's uses these websites to offer restaurant interior décor options to its franchisees in these countries, including the "LIM Extreme" design that contains an unauthorized reproduction of Dash Snow's artwork. [Id.] The Franchise Disclosure Agreement that McDonald's LLC enters into with its franchisees specifies that McDonald's Corporation (i.e. not McDonald's LLC) owns and claims copyrights in McDonald's intellectual property, including such items as "advertising and marketing materials," "real estate and development plans," and

---

[3] The Franchise Disclosure Agreement that McDonald's LLC enters into with its franchisees also contains a list of litigation involving McDonald's, including numerous California cases. [Patterson Decl. ¶ 10, Exh. I (at pp. 12-18).]

"graphic designs." [Id. ¶ 10, Exh. I, pp. 38, 39; 66.] Numerous articles have been published in recent months detailing the onerous costs of mandatory restaurant upgrades (including restaurant interior design) that McDonald's imposes on the owners of its restaurants, both in the United States and abroad. [Id., ¶ 12, Exh. K.] These articles attribute much of these costs to McDonald's efforts to "breathe new life into an aging brand," noting that "McDonald's is battling a years-long sales slump" attributable to increased competition from upscale fast-food chains. [Id..] In other words, McDonald's controls its restaurants by mandating adherence to uniform usage of its intellectual property and proprietary information.

Elsewhere in the Franchise Disclosure Agreement, McDonald's agrees to guarantee loans made to owners of its restaurants. [Id. ¶ 10, Exh. I, p. 196.]

## IV.    LEGAL STANDARD

California courts may, consistent with due process, exercise personal jurisdiction over a nonresident defendant whenever that defendant has at least "minimum contacts" with California such that exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). The test is fact-specific and looks to the relationship between the forum state, the defendant, and the litigation to discern the reasonableness of requiring the party to defend the action in that federal court. *Id*.

"The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific or general jurisdiction." *Los Gatos Mercantile, Inc. v. EI Dupont de Nemours and Company*, 2015 WL 4754335, at *4 (2015) ("*Los Gatos Mercantile*") (internal quotation marks and citations omitted.). For general jurisdiction to exist over a nonresident defendant such as McDonald's, the defendant's contacts must be "so continuous and systematic as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761

(2014) ("*Daimler*"); see also *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (requiring "continuous and systematic" contacts that "approximate physical presence" in the forum state); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-416 (1984) (general jurisdiction exists over a defendant that engages in "continuous and systemic general business contacts" with the forum state). "Specific jurisdiction exists where the defendant's contacts are more limited but the plaintiff's claims arise out of or relate to those contacts." *Los Gatos Mercantile*, 2015 WL 4754335, at *4 (citing *Daimler*, 134 S.Ct. at 754).

When jurisdiction is challenged by a motion to dismiss, although the burden is on Plaintiff to demonstrate that the court has jurisdiction over McDonald's, in the absence of an evidentiary hearing, Plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir.2010)*, quoting Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006) (internal quotation marks omitted). Additionally, "uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002); *see also Pebble Beach*, 453 F.3d at 1154 ("[F]or the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff.").

When a defendant purposefully directs its activities at a forum state, it may be subject to jurisdiction in that state even if the defendant conducts little or no business in the state. *Mavrix Photo, Inc. v. Brand Technologies, Inc,*. 647 F.3d 1218, 1229-1230 (9th Cir. 2011) (a nonresident defendant's conduct was directed at California when the defendant posted copyrighted pictures on its celebrity gossip website, which also contained third-party advertising for jobs, hotels and vacations in California, establishing the defendant's exploitation of the California market for its own

commercial gain.) In *Mavrix*, the defendant had no offices or staff in California, was not registered to do business in the state, had no registered agent for service of process, and paid no state taxes. *Mavrix* at 1225. The defendant was still subject to jurisdiction because of its purposeful direction of activities aimed at California residents. In contrast to the *Mavrix* case, the evidence shows here that McDonald's is registered to do business in California, has a registered agent for service of process in California, and pays California state taxes. In addition, it appears McDonald's conducts regular ongoing activities directed at this forum. [Patterson Decl. ¶¶ 2, 5-8; Exhs. A, D-G.]

Plaintiffs have made a prima facie showing that general and specific personal jurisdiction exists here because, based on the facts set forth above and as explained below, McDonald's, either itself or acting as the parent corporation of its wholly-owned subsidiary McDonald's LLC, maintains a physical presence in California, conducts ongoing and widespread business in California, and purposefully directs its business activities, including the advertising and sale of McDonald's products, to consumers in California.

## V. PLAINTIFF IS ENTITLED TO JURISDICTIONAL DISCOVERY

Plaintiff does not argue that she can establish personal jurisdiction for the purposes of this motion. Rather, she argues only that she is entitled to discovery in order to make her jurisdictional showing.

**A.  A plaintiff is commonly afforded an opportunity for jurisdictional discovery if she can present a merely "colorable" jurisdictional claim.**

Plaintiffs often need to conduct discovery to make a sufficient showing of a defendant's "contacts" with the forum state.

A court should ordinarily grant jurisdictional and venue discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*,

342 F.3d 1080, 1093 (9th Cir. 2003) ("*Laub*") (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986)). A district court has broad discretion to permit or deny such discovery, but a court abuses this discretion when denial results in actual and substantial prejudice to the party seeking discovery. *Id.*; *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("We must conclude, therefore, that the district court abused its discretion in denying ASR's motion for jurisdictional discovery, and that a remand will be necessary to allow ASR the opportunity to develop the record ..."). Actual and substantial prejudice occurs when permitting discovery would create a "reasonable probability" of a different outcome. *Laub*, 342 F.3d at 1093 (citation omitted).

A plaintiff need only demonstrate a "colorable basis" for jurisdiction, or "some evidence" constituting a lesser showing than a prima facie case to justify discovery. *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citations omitted); *see also Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (N.D. Cal. 2001). This permissive standard does not require a prima facie case of personal jurisdiction because requiring a plaintiff, "*prior* to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss" would make little sense. *eMag Solutions, LLC v. Toda Kogyo Corp.*, No. C 02-1611 PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006) (citation omitted) (emphasis in original). Thus, California District courts have regularly permitted jurisdictional and venue discovery. *See, e.g., Calix Networks*, 2010 WL 3515759, at *7 (allowing inquiry into defendants' contacts with California over a five-year period); *eMag Solutions*, 2006 WL 3783548 at *3 (allowing for targeted discovery).

Where the motion to dismiss is made at the outset of the case, the court may continue the hearing to permit such discovery. See *Orchid Biosciences, Inc. v. St.*

*Louis Univ.* (S.D. CA 2001) 198 FRD 670, 672-673; *Repwest Ins. Co. v. Praetorian Ins. Co.* (D. AZ. 2012) 890 F.Supp.2d 1168, 1184.

"A court may grant jurisdictional discovery if the request is based on more than a hunch that it might yield jurisdictionally relevant facts, or more than bare allegations in the face of specific denials." *Calix, supra* at 3 (internal quotations and citations omitted).

**B.  McDonald's Corporation's carefully parsed suggestion that it does little or no business in California is uncertain enough that discovery is appropriate.**

Plaintiff's claims that McDonald's operates in Los Angeles County are based on evidence uncovered through an informal search; not a mere hunch. As mentioned above, McDonald's appears to acknowledge in its social media that it operates from an office in Long Beach, where McDonald's has numerous employees, including a marketing director. [Patterson Decl. ¶ 2, 6, 7, Exhs. A, E, F.] In fact, McDonald's is currently seeking to fill a job opening for a communications director in Long Beach. [Id. ¶ 5, Exh. D.] McDonald's also has a number of employees in its other California offices, including its San Francisco-based Chief Digital Officer. [Id. ¶¶ 3, 4; Exhs. B, C.]

**C.  Plaintiff also needs discovery on an alternative basis for jurisdiction, alter ego, because even accepting McDonald's assertions at face value, alter ego jurisdiction is colorable.**

In its motion, McDonald's does not dispute that its wholly-owned subsidiary, McDonald's USA LLC, which is headquartered in the same building as McDonald's in Illinois, has sufficient "continuous and systemic" business contacts with California to subject that entity to personal jurisdiction here. *Daimler*, 134 S. Ct. at 761. For both general and specific jurisdiction purposes, McDonald's LLC's undisputed contacts with California may be imputed to McDonald's under an alter ego theory. Again, given the paucity of evidence and McDonald's unwillingness to provide anything

more than the scantest factual detail in support of its motion, Plaintiff is entitled to discovery to develop an alter ego theory of jurisdiction.

### 1.    A parent corporation is subject to jurisdiction based on the activities of its subsidiary, if the latter is the alter ego of the former.

McDonald LLC's undisputed continuous, systemic and purposeful contacts with California also may be imputed to McDonald's, its corporate parent, under an alter ego theory.

While "[t]the existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state with another for the purpose of establishing personal jurisdiction" (*Los Gatos Mercantile*, 2015 WL 4755335, at *5 (internal quotation marks and citations omitted)), if the parent and subsidiary are not really separate entities (i.e., "alter-egos"), the subsidiary's contacts with the forum state may be imputed to the foreign parent corporation for personal jurisdiction purposes. *Unocal*, 248 F.3d at 926; *see also Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2005). Stated another way, "if...one corporation [is] the alter ego of another, the Court may 'pierce the corporate veil' jurisdictionally and attribute 'contacts' accordingly." *RAE Systems, Inc. v. TSA Systems, Ltd.*, 2005 WL 1513124, at * 3 (N.D. Cal. June 24, 2005) *(citing Certified Bldg. Prods., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1975).

The Ninth Circuit "alter ego" test is predicated on a prima facie showing of the principal company's parental control over the subsidiary. The critical inquiry is whether there are prima facie facts to show that the parent and subsidiary are "not really separate entities," such that one entity's contacts with the forum state can be fairly attributed to the other. *Unocal*, 248 F.3d at 926. A similar analysis applies, in the specific jurisdiction context, when a court is asked to determine whether a subsidiary's contacts may be imputed to its parent where the subsidiary is the agent of the parent. *See Los Gatos Mercantile*, 2015 WL 4755335, at * 5 *(citing Daimler*, 135

S. Ct. at 759, n.13: "Agency relationships, we have recognized, may be relevant to the existence of *specific* jurisdiction.").

Under either the alter ego or agency test, the primary consideration is the extent to which the parent entity may be shown to manage, control or direct the affairs of the subsidiary. As stated by the Ninth Circuit in *Unocal*, "[a]n alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Unocal*, 248 F.3d at 926.

### 2. Plaintiff needs discovery on the relation between McDonald's and McDonald's LLC.

Though stated opaquely, McDonald's claims that its presence and/or activity in California is wholly distinct from that of McDonald's LLC. However, there is evidence that McDonald's LLC is merely an alter ego of Defendant McDonald's Corporation. As mentioned above, McDonald's appears to identify the Long Beach regional office of McDonald's LLC as its own. [Patterson Decl. ¶¶ 5-7; Exhs. D-F.] McDonald's advertises job openings at its Long Beach office, and the employees at that office claim to work for McDonald's Corporation. [Id. ¶¶ 2, 5; Exhs. A, D.] In addition, McDonald's Corporation and McDonald's, LLC maintain the same "primary address," One McDonald's Plaza, Oak Brook, IL, 60523. [*Id.*, ¶ 13; Exh. L.]

In McDonald's LLC's Franchise Disclosure Agreement, the relationship between the companies is described as follows:

> McDonald's USA LLC ("Company") is a wholly-owned subsidiary of McDonald's Corporation (McDonald's). On January 1, 2005, McDonald's contributed assets, net of liabilities, of $5,548.8 million to the Company. McDonald's has retained legal title to certain of the property and equipment assets, which are in turn used by the Company in accordance with extended intercompany agreements. McDonald's or its affiliates directly own the intellectual property rights in the U.S. and license or sublicense such rights to the Company." [*Id.*, ¶ 10, Exh. I, p. 66.]

While the Franchise Disclosure Agreement states that McDonald's does not offer franchises, it does guarantee loans undertaken by franchisees. [*Id.*, p. 196.]

McDonald's exerts control over its restaurants by requiring owners to adhere to uniform use of its proprietary materials (e.g. marketing materials and graphic design, etc.), including implementation of costly upgrades to a restaurant's interior décor. [Id., ¶ 12, Exh. K.]

In addition, the companies apparently share at least some business executives. For example, the most recent California state filing registrations for McDonald's and McDonald's LLC were signed by the *same executive*, Marcy A. Miller, identified as "Assistant Secretary," for both companies. Ms. Miller certified McDonald's Corporation's October 4, 2016 Statement of Information, with her title listed as "Assistant Secretary." [Id., ¶ 13, Exh. L.] Ms. Miller also certified McDonald's LLC's September 29, 2014 Statement of Information, identified as that company's "asst. Secretary." [Id.]

## VI.   CONCLUSION

For all the foregoing reasons, and because Plaintiff has shown that McDonald's operates continuously and extensively throughout California on its own and through its subsidiary, McDonald's LLC, purposefully directing and availing itself of the protections and benefits of California law, Plaintiff requests the Court deny McDonald's motion to dismiss. In the alternative, if the Court determines jurisdiction remains in dispute, Plaintiff requests the opportunity to conduct targeted discovery as to McDonald's forum-related activities and the interrelation between those activities and Plaintiff's infringement claims.

DATED: December 5, 2016                    GLUCK LAW FIRM P.C.

                                           By:   /s/
                                                 Jeffrey S. Gluck
                                                 Attorneys for Plaintiff JADE BERREAU