UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-7394 FMO (ASx) | Date | January 30, 2017 |
| Title | Jade Berreau v. McDonald's Corporation | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
| Vanessa Figueroa | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:**   (In Chambers) Order Re: Motion to Dismiss for Lack of Personal Jurisdiction

Having reviewed and considered all the briefing filed with respect to McDonald's Corporation's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) (Dkt. 14, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

### ALLEGATIONS IN THE COMPLAINT

On October 3, 2016, plaintiff Jade Berreau ("Berreau"), as administrator of the Estate of Dashiell Snow ("Snow"), filed the instant action against McDonald's Corporation ("McDonald's") and ten Doe defendants asserting: (1) copyright infringement, 17 U.S.C. §§ 501, et seq.; (2) falsification of copyright management information, 17 U.S.C. § 1202; (3) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (4) unfair competition under California Business & Professions Code §§ 17200, et seq.; (5) California common law unfair competition; and (6) negligence. (See Dkt. 1, Complaint at ¶¶ 32-73). Berreau alleges that McDonald's infringed Snow's graffiti, including a "stylized signature of his pseudonym 'SACE[,]'" without the Estate's permission for display in "[h]undreds of McDonalds [restaurants] around the world[.]" (Id. at ¶ 2).

### LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing that jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008), cert. denied, 555 U.S. 1171 (2009) (citation omitted). Where the court makes its jurisdictional finding based on written materials such as pleadings and affidavits, the plaintiff need only make a prima facie showing of jurisdictional facts. See CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011) (citation omitted). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." Id. (internal quotation marks and citations omitted). While the court "may not assume the truth of allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7394 FMO (ASx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | Jade Berreau v. McDonald's Corporation | | |

in a pleading which are contradicted by affidavit," factual disputes are resolved in plaintiff's favor. Id. (citations omitted).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." Boschetto, 539 F.3d at 1015 (citation omitted). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Id. (citation omitted); see Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (for federal courts in California, "the jurisdictional analyses under state law and federal due process are the same"); Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Due process requires that a non-resident defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) (internal quotation marks omitted). The minimum contacts requirement can be satisfied in two ways: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S.Ct. 2846, 2851 (2011).

**DISCUSSION**[1]

"A court may assert general jurisdiction over foreign [] corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Goodyear, 564 U.S. at 919, 131 S.Ct. at 2851 (internal quotation marks omitted); see Kipp v. Ski Enter. Corp. of Wisconsin, Inc., 783 F.3d 695, 698 (7th Cir. 2015) ("Because general jurisdiction exists even with respect to conduct entirely unrelated to the forum state, the [Supreme] Court has emphasized that it should not lightly be found [over a corporation]."). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." Daimler AG v. Bauman, 134 S.Ct. 746, 760 (2014) (internal quotation and alteration marks omitted). Only in an "exceptional case" will general jurisdiction be available anywhere else. See id. at 761 n. 19; Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (2015), cert. denied, 136 S.Ct. 915 (2016) (same).

McDonald's is a Delaware corporation headquartered in Oak Brook, Illinois, (see Dkt. 14-2, Declaration of David Vilkama ("Vilkama Decl.") at ¶ 2 & Exh. A), making Delaware and Illinois its "paradigm bases for general jurisdiction." Daimler, 134 S.Ct. at 760. Berreau, however, contends that McDonald's is also "at home" in California because it has "extensive operations" and "conducts significant business" in California. (Dkt. 23, Plaintiff's Opposition to [McDonald's] Motion to Dismiss ("Opp.") at 4). Specifically, Berreau contends that McDonald's: (1) "maintains a corporate office in Long Beach[,]" (id. at 2); (2) operates restaurants throughout California, (see

---

[1] Because the court grants the Motion for lack of personal jurisdiction, it does not consider McDonald's arguments regarding improper venue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7394 FMO (ASx) | Date | **January 30, 2017** |
|---|---|---|---|
| Title | **Jade Berreau v. McDonald's Corporation** | | |

id.); (3) has a subsidiary in Long Beach and is registered to do business in California, (see id. at 6); (4) employs numerous employees in California, including a marketing director, marketing supervisor, and an executive Chief Digital Officer, (see id. at 6 & 7); (5) is currently seeking to hire a communications director in Long Beach, (see id. at 6); and (6) has litigated franchise and other cases in California. (See id. at 7 n. 3; Dkt. 23-1, Declaration of S. Ryan Patterson ("Patterson Decl.") at Exh. G (PACER list identifying cases where McDonald's is a defendant in the Central District of California)). Plaintiff's contentions are unpersuasive.

"A corporation that operates in many places can scarcely be deemed at home in all of them, [o]therwise, 'at home' would be synonymous with doing business." Cahen v. Toyota Motor Corp., 147 F.Supp.3d 955, 965 (N.D. Cal. 2015) (holding that general jurisdiction did not apply "despite multiple offices, continuous operations, and billions of dollars worth of sales"); see also Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co. Ltd., 2016 WL 5464552, *4 (S.D. Cal. 2016) ("A company's size alone does not justify the exercise of general jurisdiction."); Lindora v. Isagenix Int'l, LLC, 2016 WL 4077712, *4 (S.D. Cal. 2016) (finding company not subject to general jurisdiction although it was registered to do business in California, shipped and sold products to California, and conducted other activities in California). Berreau's attempt to impute the operations of McDonalds's Long Beach subsidiary to defendant McDonald's, (see, e.g., Dkt. 23, Opp. at 4) ("McDonald's appears to represent that the Long Beach office is its own, i.e. McDonald's Corporation operates out of Long Beach."), is insufficient under the circumstances here. In general, it is only proper to impute the conduct of a subsidiary to its parent when the subsidiary is an "alter ego" of the parent, meaning: (1) "there is such unity of interest and ownership that the separate personalities of [the parent and subsidiary] no longer exist[;]" and (2) "failure to disregard [their separate identities] would result in fraud or injustice." Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996). Even if Berreau were able to meet this standard, general jurisdiction still would not apply because "neither [McDonald's] nor [its Long Beach subsidiary] is incorporated in California, nor does either entity have its principal place of business there. If [the Long Beach subsidiary's] activities sufficed to allow adjudication of this [action] in California, the same global reach would presumably be available in every other State in which [a subsidiary's activities] are sizable." Daimler, 134 S.Ct. at 761; see Cahen, 147 F.Supp.3d at 964 (similar). Moreover, the record indicates that the Long Beach subsidiary was "not involved" in the conduct at issue. (See Dkt. 14-2, Vilkama Decl. at ¶ 6). In short, Berreau has not made a prima facie showing that this is an "exceptional" case where McDonald's is "at home" in California.[2]

---

[2] Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413 (1952) is an example of an exceptional case. In Perkins, an entity that was incorporated and headquartered in the Phillippines was displaced to Ohio because of the Japanese occupation of the Phillippines during World War II. See Daimler, 134 S.Ct. at 756 (describing Perkins). The Supreme Court found that the entity was subject to general jurisdiction in Ohio, "where [the president] kept an office, maintained the company's files, and oversaw the company's activities." Id. Thus, Ohio "was the corporation's, principal, if temporary, place of business." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7394 FMO (ASx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | Jade Berreau v. McDonald's Corporation | | |

With respect to specific jurisdiction, plaintiff must establish that: "(1) [McDonald's] "purposefully direct[s] [its] activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger, 374 F.3d at 802. The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Here, McDonald's has put forth evidence, which Berreau has not contradicted, that: (1) the purportedly infringed graffiti "is used only in McDonald's restaurants located outside the United States[,]" (Dkt. 14-2, Vilkama Decl.[3] at ¶ 4); and (2) neither McDonald's nor its Long Beach subsidiary "were involved in creating or approving the disputed decor for use in McDonald's restaurants located outside of the United States."[4] (Id. at ¶ 5); see also CollegeSource, 653 F.3d at 1073 (holding that the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit"). In other words, the court cannot exercise specific jurisdiction over McDonald's because none of the activities Berreau complains of, i.e., the creation, approval, and infringement of Snow's graffiti, occurred in or were purposefully directed at California. See Walden, 134 S.Ct. at 1122.

---

[3] Berreau requests that the court strike or disregard the Vilkama Declaration on lack of foundation grounds, (see Dkt. 23, Opp. at 3 n. 1), but does not provide any reason why she believes the declaration lacks foundation. (See, generally, id.). According to Vilkama, the statements in his declaration are based on his "personal, firsthand knowledge" as Director of Global Retail Design and New Concepts for McDonald's. (See Dkt. 14-2, Vilkama Decl. at ¶ 1); see also EduMoz, LLC v. Republic of Mozambique, 968 F.Supp.2d 1041, 1066 (C.D. Cal. 2013) (holding that "personal knowledge may [] be inferred from [the declarant's] position as Chief of Staff of the Ministry of Education"); Edwards v. Toys "R" Us, 527 F.Supp.2d 1197, 1202 (C.D. Cal. 2007) (holding that personal knowledge "can be inferred from [the declarant's] position as a senior member of Toys' Point of Sale (POS) Systems for Toys").

[4] Indeed, Berreau's exhibits support defendant's statement that no McDonald's restaurant in California contains Snow's artwork and that no McDonald's affiliate in California took part in the creation or approval of Snow's artwork. (See Dkt. 23-1, Patterson Decl. at Exh. J). For example, Exhibit J suggests that the purportedly infringing work is available to McDonald's franchisees in Morroco, Estonia, Lithuania, the People's Republic of China, and the Czech Republic, and no website bears any connection with California. (See id.) (McDonald's websites depicting Snow's artwork with country code top-level domains .ma (Morocco), .ee (Estonia), .lt (Lithuania), .cn (People's Republic of China), and .cz (Czech Republic)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7394 FMO (ASx) | Date | **January 30, 2017** |
|---|---|---|---|
| Title | **Jade Berreau v. McDonald's Corporation** | | |

Finally, Berreau asks that she be able to conduct jurisdictional discovery. (See Dkt. 23, Opp. at 10-15). "A district court is vested with broad discretion to permit or deny discovery[.]" Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). "Discovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." Id.; see Mitan v. Feeney, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007) (holding that a plaintiff must provide a colorable basis for jurisdictional discovery, which "should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant").

Berreau contends that additional discovery is needed regarding the Long Beach subsidiary's activities in California so that she can impute the subsidiary's liability to McDonald's under an alter ego theory. (See Dkt. 23, Opp. at 12-15). However, in evaluating the parties' papers with respect to the instant Motion, the court imputed the Long Beach subsidiary's activities to McDonald's, effectively assuming that the Long Beach subsidiary was an alter ego of McDonald's, and still concluded that general jurisdiction over defendant was improper. As for specific jurisdiction, Berreau has not identified the discovery that she would need to suggest that McDonald's or its Long Beach subsidiary were involved in the creation, approval, or infringement of Snow's graffiti. See, e.g. Boschetto, 539 F.3d at 1020 (holding that the district court's denial of jurisdictional discovery was not an abuse of discretion because the request "was based on little more than a hunch that it might yield jurisdictionally relevant facts").

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT McDonald's Corporation's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [] **(Document No. 14)** is **granted**. The above-referenced action is **dismissed without prejudice** for lack of personal jurisdiction. Judgment shall be entered accordingly.

| | Initials of Preparer | vdr |
|---|---|---|